**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4349**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

PHANI RAJU BHIMA RAJU,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:13-cr-00079-RJC-1)

---

Submitted: January 22, 2015      Decided: January 26, 2015

---

Before SHEDD, KEENAN, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Sarah E. Bennett, TIN FULTON WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phani Raju Bhima Raju pled guilty, pursuant to a written plea agreement, to a five-count criminal information in which he was charged with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2012); presentation of fraudulent immigration documentation and aiding and abetting the same, in violation of 18 U.S.C. §§ 1546, 2 (2012); unlawful employment of at least ten unauthorized aliens within a one-year period and aiding and abetting the same, in violation of 8 U.S.C. §§ 1324(a)(3)(A) (2012) and 18 U.S.C. § 2; hiring, recruiting, and referring for a fee unauthorized aliens for employment, in violation of 8 U.S.C. § 1324a(a)(1)(A), (f)(1) (2012); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2012). At sentencing, the district court varied downward from the applicable Guidelines range of 57-71 months' imprisonment and imposed a forty-eight-month sentence. This appeal timely followed.

Counsel has submitted an appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no meritorious issues for appeal but asking us to review the propriety of the two-level obstruction of justice enhancement that was imposed. See U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2013). The Government has declined to file a

2

response brief. For the reasons that follow, we affirm the judgment.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012); see Gall v. United States, 552 U.S. 38, 46, 51 (2007). When determining a sentence, the district court must calculate the defendant's advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2012). Gall, 552 U.S. at 49-50.

The lone issue identified in counsel's Anders brief concerns the two-level obstruction of justice enhancement that the district court adopted over Raju's objection. We review the district court's factual findings regarding an enhancement for clear error and its legal conclusions de novo. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012).

To sustain this enhancement, the district court relied on the relevant facts set forth in the presentence report ("PSR"), which detailed some of Raju's efforts to mask his fraudulent activities from investigating authorities. Although defense counsel disputed the application of the enhancement, the facts were not contested. We agree with the district court that the conduct described in the PSR — which, at a minimum,

3

established an attempt to obstruct or impede the ongoing investigation into Raju's business — is the sort that USSG § 3C1.1 targets. We thus discern no clear error in the application of this enhancement.[*]

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Raju, in writing, of his right to petition the Supreme Court of the United States for further review. If Raju requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Raju. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] Raju has submitted a pro se supplemental brief challenging two other aspects of the computation of his Sentencing Guidelines range and asserting that he received ineffective assistance of counsel. Neither of the sentencing issues has merit, and the record does not conclusively demonstrate that Raju's attorney was ineffective. Accordingly, the latter issue should be raised, if at all, in a motion pursuant to 28 U.S.C. § 2255 (2012).